1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS L.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C21-5516 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

    Plaintiff has brought this matter for judicial review of defendant's denial of his

application for supplemental security income (SSI) benefits.[1]

    The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13.

I.    ISSUES FOR REVIEW

    A.  Whether the Case Should be Remanded for Constitutional Violations

    B.  Whether the ALJ Properly Evaluated Medical Opinion Evidence

    C.  Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptoms

---

[1] The plaintiff filed a motion for extension of time for submitting a reply brief (Dkt. 25). That motion is granted. Plaintiff's reply brief (Dkt. 28) is accepted for filing, and has been considered by Court.

## II.   BACKGROUND

On December 21, 2018, plaintiff filed a Title XVI application for Supplemental Security Income ("SSI"), alleging a disability onset date of February 6, 2018. Administrative Record ("AR") 414-19. Plaintiff's application was denied upon official review and upon reconsideration (AR 311-25, 327-44). Administrative Law Judge ("ALJ") Malcolm Ross held a hearing on August 11, 2020 (AR 239-72) and issued a decision finding that plaintiff was not disabled on October 15, 2020. AR 216-38. On May 26, 2021, the Social Security Appeals Council denied Plaintiff's request for review, making ALJ Ross's decision the final decision of the Commissioner. AR 1083-89.

Plaintiff seeks judicial review of the ALJ's October 15, 2020 decision. Dkt. 17.

## III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.   DISCUSSION

In this case, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease; right shoulder abnormality, status post-surgeries; hearing loss; headache; anxiety; and major depressive disorder. AR 222. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a reduced range of light work. AR 224. Relying on vocational expert ("VE") testimony, the ALJ found at step four that plaintiff could not perform his past relevant work, but

1  could perform other light, unskilled jobs at step five of the sequential evaluation;

2  therefore, the ALJ determined at step five that plaintiff was not disabled. AR 233.

3      A.  <u>Whether the Case Should be Remanded for Constitutional Violations</u>

4          Plaintiff argues this case must be remanded because the structure for removing

5  the Commissioner of Social Security violated separation of powers under Article II of the

6  U.S. Constitution. Plaintiff contends that ALJs and administrative appeals judges

7  ("AAJs") on the Appeals Council, delegated by the Commissioner, are subject to an

8  additional layer of removal protection under 5 U.S.C. § 7521(a) and 5 U.S.C. § 7543(a).

9  Dkt. 17, pp. 4–10.

10          In *Decker Coal Company v. Pehringer*, the Ninth Circuit contrasted Department

11  of Labor ("DOL") ALJs adjudicating claims under the Black Lung Benefits Act and

12  performing "purely adjudicative function[s]" with members of the Public Company

13  Accounting Oversight Board "exercis[ing] policymaking and enforcement functions[.]" 8

14  F.4th 1123, 1133 (9th Cir. 2021). The *Decker Coal* court also recognized that because

15  the DOL chose, rather than was forced by Congress, to employ ALJs and AAJs to

16  adjudicate benefits claims, it could not be said that Congress wrested executive power

17  for itself, away from the President. 8 F.4th at 1134.

18          The Commissioner argues that *Decker Coal* is analogous because Social

19  Security Administration ALJs and AAJs perform adjudicative functions and there is no

20  statutory requirement that SSA employ ALJs or AAJs to adjudicate benefits claims. Dkt.

21  24, pp. 5–11. The Court agrees. Plaintiff argues that this case is different from *Decker*

22  *Coal* because the decisions of DOL ALJs were reviewable by people directly subject to

23  the President's authority, whereas SSA ALJs and AAJs are insulated by the

24

25

unconstitutional protection afforded to the Commissioner. Dkt. 17, pp. 7-8; *see Decker Coal*, 8 F.4th at 1135. Even if *Decker Coal* can be factually distinguished on this basis, the President's ability to remove the DOL Secretary at will was only one of multiple reasons that the Ninth Circuit cited in finding no constitutional violation. *See Decker*, 8 F.4th at 1135.

If a separation of powers violation occurred, then plaintiff has a right, shared by everyone in this country, to bring a challenge under the separation of powers doctrine only if he has Article III standing to invoke the Court's jurisdiction under *Collins v. Yellen,* 141 S. Ct. 1761 (2021).

To have standing, plaintiff must show he is an aggrieved party—he must establish there is a nexus between the Constitutional violation and an unlawful action of the ALJ in his specific case, and that he has a compensable injury to be redressed. *Collins,* 141 S. Ct. at 1787, 1788, n.23, and n.24; *see also, TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2205-2206 (2021) (even if plaintiff can show a violation of federal law, in order to invoke the federal court's jurisdiction and Article III standing, plaintiff must show they have suffered concrete "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts"); *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 37-38 (1976) (clarifying that Article III standing is focused on the plaintiff, and whether, assuming the justiciability of the claim, plaintiff has alleged a personal stake in the outcome to justify the federal court's exercise of jurisdiction; the standing inquiry is not focused on the issues plaintiff seeks to adjudicate).

1    In *Collins*, the plaintiffs showed they had property rights that were injured, and

2    the injury was traceable to the FHFA's actions (actions pursuant to a decision made

3    during the Director's tenure and implemented for many years thereafter), and a decision

4    in plaintiff's favor could lead to an award of relief sought by plaintiff. By contrast, in this

5    case, plaintiff cannot meet any of the three-part criteria to establish Article III standing.

6    Under the Court's holding, in order to establish Article III standing, plaintiff is required to

7    show compensable harm as a result of the Constitutional separation of powers violation.

8    *Collins v. Yellen,* 141 S. Ct. at 1787, 1788 n.23, and n.24; *see Decker Coal Company v.*

9    *Pehringer,* 8 F.4th 1123, 1136-1138 (9th Cir. 2021) (plaintiff brought a separation of

10   powers challenge to the Department of Labor ALJ's authority under *Collins v. Yellen*

11   and *Seila Law* – but failed to show any indication that the ALJ took unlawful action, nor

12   did plaintiff make any showing of a nexus between the allegedly unconstitutional

13   removal provisions and plaintiff's specific case, nor any compensable harm; the Court

14   declined to remand for a new hearing).

15   Here, plaintiff has not made any showing of how this alleged constitutional

16   violation caused any compensable harm in his specific situation. *Collins,* at 1779

17   ("plaintiff must show that it has suffered an 'injury in fact' that is 'fairly traceable' to the

18   defendant's conduct and would likely be 'redressed by a favorable decision.'" (quoting

19   *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)). Plaintiff is not required to

20   show that the ALJ would have decided his appeal differently and awarded benefits—but

21   for the statutory issue identified as a potential separation of powers violation by the

22   Office of Legal Counsel. *Constitutionality of the Commissioner of Social Security's*

23   *Tenure Protection,* 45 Op. O.L.C. ___ (July 8, 2021)

24

25

1  https://www.justice.gov/olc/file/1410736/download. *Seila Law LLC v. Consumer Fin.*

2  *Prot. Bureau*, 140 S. Ct. 2183, 2196 (2020) (in order to show traceability, the litigant is

3  not required to show the U.S. Government's conduct would have been different if the

4  Government had acted with proper authority under the Constitution).

5      Plaintiff has not shown any compensable harm fairly traceable to the actions of

6  former Commissioner Saul, under *Collins v. Yellen,* 141 S. Ct. 1761,1788 (2021).

7  Plaintiff has failed to establish standing and the Court need not address the plaintiff's or

8  defendant's additional arguments.

9      B.  Whether the ALJ Properly Evaluated Medical Evidence

10      Plaintiff assigns error to the ALJ's evaluation of the medical opinions of Dr.

11  Weiss, Ms. Fetters, MHP, Ms. Nydam, and Dr. Wheeler. Dkt. 17, pp. 11-16.

12      1.  Medical Opinion Standard of Review

13      Plaintiff filed this claim on December 21, 2018, so the ALJ applied the 2017

14  regulations. See, AR 224-231; 414-19; *see* Revisions to Rules Regarding the

15  Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

16  2017). Under the 2017 regulations, the Commissioner "will not defer or give any specific

17  evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's]

18  medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless

19  explain with specificity how he or she considered the factors of supportability and

20  consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b),

21  416.920c(a)–(b).

22      The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th

23  785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide "specific

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

1    and legitimate reasons"[2] for rejecting a treating or examining doctor's opinion…is

2    incompatible with the revised regulations" because requiring ALJ's to give a "more

3    robust explanation when discrediting evidence from certain sources necessarily favors

4    the evidence from those sources." *Id.* at 6. Under the new regulations,

5        an ALJ cannot reject an examining or treating doctor's opinion as
         unsupported or inconsistent without providing an explanation supported by
6        substantial evidence. The agency must "articulate ... how persuasive" it
         finds "all of the medical opinions" from each doctor or other source, 20
7        C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability
         and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).
8    *Id.*

9        2.   New Evidence from Dr. Weiss, Ms. Fetters, MHP and Ms. Nydam

10       Plaintiff argues that the ALJ erred by rejecting the evidence submitted to and

11   accepted by the Appeals Council from Dr. Weiss, and mental health workers Katherine

12   Fetters, MHP and Gytha Nydam. Dkt. 17, pp. 11–16.

13       The ALJ issued his decision finding plaintiff not disabled on October 15, 2020.

14   AR 216-38. Plaintiff then submitted additional medical opinions, including those from Dr.

15   Weiss, Ms. Fetters and Ms. Nydam to the Appeals Council. AR 1084. The Appeals

16   Council denied plaintiff's request for a review on May 26, 2021. AR 1083.

17       When "the Appeals Council considers new evidence in deciding whether to

18   review a decision of the ALJ, that evidence becomes part of the administrative record,

19   which the district court must consider in determining whether the Commissioner's

20   decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*,

21   682 F.3d 1157, 1163 (9th Cir. 2012). The Appeals Council did so here, therefore the

22

23   _____

24   [2] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and
     legitimate reasons").

25
     ORDER REVERSING AND REMANDING
     DEFENDANT'S DECISION TO DENY BENEFITS - 7

1   Court will consider whether the Commissioner's decision is supported by substantial

2   evidence, including the medical opinions of Dr. Weiss, Ms. Fetters, and Ms. Nydam. AR

3   1083-89.

4          On February 26, 2021, Peter A. Weiss, Ph.D. conducted a

5   psychological/psychiatric evaluation on plaintiff. AR 5-8. Dr. Weiss diagnosed plaintiff

6   with major depressive disorder, recurrent, with psychotic features. AR 6. Dr. Weiss

7   opined that plaintiff was severely limited with performing activities within a schedule,

8   maintaining regular attendance, and being punctual within customary tolerances without

9   superficial supervision, and completing a normal work day and work week without

10  interruptions from psychologically based symptoms. AR 6-7.

11         Katherine Fetters and Gytha Nydam evaluated plaintiff on November 9, 2020. AR

12  16–20. They opined that plaintiff's performance or productivity would be impacted 20

13  percent during an eight-hour workday because of his mental functioning limitations,

14  specifically his limited ability to maintain attention and concentration for an extended

15  period and his limited ability to complete a workday and work week without interruptions

16  from psychologically based symptoms. AR 18. They also opined that plaintiff's

17  performance or productivity would be impacted ten percent during an eight-hour

18  workday because of his limited ability to sustain an ordinary routine without special

19  supervision. AR 18.

20         Plaintiff argues that considering the limitations assigned by Dr. Weiss, Ms. Fetter,

21  and Ms. Nyman, plaintiff would not be able to sustain an employment, thus establishing

22  his disability. Dkt. 17, p. 12–16.

23

24

25

1    However, the opinions of Dr. Weiss, Ms. Fetter, and Ms. Nydam do not

2  necessarily undermine the ALJ's findings. In finding plaintiff not disabled, the ALJ

3  pointed to medical evidence showing that plaintiff is able to maintain regular attendance

4  and complete a workday without interruptions and to perform work activities on a

5  consistent basis without special or additional instructions. AR 629. The ALJ also pointed

6  to evidence finding that plaintiff is not significantly limited with ability to perform activities

7  within a schedule, maintain regular attendance, and being punctual within customary

8  tolerances, as well as with the ability to sustain an ordinary routine without special

9  supervision. AR 321, 340. Further, the ALJ relied on evidence showing that plaintiff is

10  only moderately limited with being able to complete a normal workday and workweek

11  without interruptions AR 321, 240.

12    The Court cannot say that the ALJ's interpretation of the record, specifically

13  regarding plaintiff's mental limitations, is unreasonable considering the new evidence.

14  The opinions of Dr. Weiss, Ms. Fetter, and Ms. Nyman present a different interpretation

15  of the medical evidence, but "[w]here the evidence is susceptible to more than one

16  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

17  must be upheld." *Thomas v. Barnhart*, 278 F. 3d 947, 954 (9th Cir. 2002).

18    3.  Dr. Wheeler

19    Plaintiff assigns error to the ALJ decision to discount Dr. Wheler's medical

20  opinion because it was inconsistent with the objective medical evidence. Dkt. 17, pp.

21  16-19; AR 231.

22    Kimberly Wheeler, Ph.D. provided an evaluation of plaintiff's mental conditions

23  and impairments on January 16, 2020. AR 884-888. She opined that plaintiff's mental

24

25

1  functioning with basic work activities mildly to markedly limited. AR 885-86. She found

2  plaintiff was markedly limited in his ability to: "[u]nderstand, remember, and persist in

3  tasks by following detailed instructions"; [p]erform activities within a schedule, maintain

4  regular attendance, and be punctual within customary tolerances without special

5  supervision"; "[a]dapt to changes in a routine work setting"; [c]ommunicate and perform

6  effectively in a work setting"; "[c]omplete a normal work day and work week without

7  interruptions from psychologically based symptoms"; and "[s]et realistic goals and plan

8  independently". AR 886. In four other areas, she found moderate limitations. *Id.* In only

9  two areas did she find mild limitations. *Id.* She concluded that based on all of plaintiff's

10  mental impairments, he is markedly limited. AR 886. She also noted that "[m]entation is

11  thick, slowed, likely an effect of the medications he's on." *Id.*

12  In discounting Dr. Wheeler's opinion, the ALJ first pointed to an opinion by Dr.

13  Kamens who found that plaintiff's mental functioning when performing work activities, is,

14  at most, moderately limited. AR 624-31.

15  The ALJ reasonably found that some of the Dr. Wheeler's limitations were

16  inconsistent with Dr. Kamen's findings, specifically regarding plaintiff's ability to perform

17  simple and repetitive tasks consistently, maintaining regular attendance in the

18  workplace, and interacting with coworkers and superiors. AR 629. However, Dr.

19  Wheeler also opined about plaintiff's mental functioning not addressed by Dr. Kamen's

20  opinion. For example, Dr. Wheeler opined about plaintiff's limitations with: learning new

21  tasks, adapting to changes in a routine work setting, making work-related decisions,

22  being aware of normal hazards, asking simple questions or requesting assistance, and

23  setting realistic goals and planning independently. AR 886. Dr. Kamen's opinion does

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

1  not speak to these limitations, and the ALJ gave no explanation as to how he found that

2  these portions of Dr. Wheeler's opinion were inconsistent with Dr. Kamen's opinion.

3          The ALJ's conclusion represents a selective reading of the record. The ALJ

4  pointed to evidence showing that plaintiff denied depression or anxiety. AR 231 (citing

5  AR 895, 906, 909, 917), but other parts of the record do describe plaintiff as having

6  anxiety or depression. AR 686, 703, 895. The ALJ also cited to several treatment notes

7  showing plaintiff had normal mood and affect. AR 231 (citing AR 508, 518, 528, 537,

8  541, 612, 679, 687, 752, 757, 773, 892, 896, 907, 934). However, the treatment notes

9  are from plaintiff's physical exams for appointments unrelated to plaintiff's mental

10 impairments. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v.*

11 *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by

12 isolating a specific quantum of supporting evidence,' but 'must consider the record as a

13 whole, weighing both evidence that supports and evidence that detracts from the

14 [Commissioner's] conclusion.'"); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)

15 (claimants who suffer from mental conditions may have symptoms that wax and wane,

16 with downward cycles, cycles of improvement, and mixed results from treatment).

17          Further, observations of plaintiff's mood and affect during medical appointments

18 do not necessarily negate Dr. Wheeler's opinion, which was provided in the context of

19 plaintiff's mental functioning during a normal workday. The ALJ's decision to discount

20 Dr. Wheeler's medical opinion based on its inconsistency with the objective medical

21 evidence is not supported by substantial evidence, therefore the ALJ erred with his

22 evaluation of Dr. Wheeler's opinion.

23

24

25

1

C. <u>Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony</u>

2

3

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff testified that his shoulder condition (rotator cuff impingement) makes it difficult for him to lift and carry items over five pounds. AR 256-257. Plaintiff also testified his medications for his shoulder have affected his memory. AR 257. He stated that that when the medications start wearing off, he gets tired, requiring him to lie down 45 minutes to an hour multiple times during the day. AR 257-58. Plaintiff also testified that his depression and anxiety make it difficult for him to go into stores and that they affect his memory. AR 259-60.

Plaintiff assigns error to the ALJ's decision to discount plaintiff's testimony because his testimony was inconsistent with (1) the objective medical evidence and (2) plaintiff's daily activities. Dkt. 17, pp. 19-20; AR 229.

1    With respect to the ALJ's first reason, an inconsistency with the objective

2    evidence may serve as a clear and convincing reason for discounting a claimant's

3    testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

4    1998).

5    Here, in discounting plaintiff's testimony about his anxiety and depression, the

6    ALJ pointed to treatment notes showing that plaintiff was negative for those

7    impairments. AR 229 (citing AR 687, 895, 906, 909, 917). However, the record also

8    includes treatment notes where plaintiff admitted to anxiety and depression. AR 686,

9    703, 761, 895, 903. In disregarding these other treatment notes, the ALJ did not

10   account for the overall context of plaintiff's medical records *See Reddick v. Chater*, 157

11   F.3d 715 at 722-23 (9th Cir. 1998).

12   The ALJ also pointed to treatment notes that show plaintiff was observed as

13   having normal mood and affect. AR 229 (citing AR 508, 518, 528, 537, 541, 612, 687,

14   745, 752, 757, 773, 892, 896, 907, 934). However, these observations, taken during

15   plaintiff's medical appointments, do not necessarily negate plaintiff's testimony about his

16   symptoms that caused him anxiety with being around other people, or difficulty

17   remembering things. The ALJ's finding that plaintiff's testimony was inconsistent with

18   objective medical evidence is not supported by substantial evidence, therefore the ALJ

19   erred in discounting plaintiff's testimony for this reason.

20   In discounting plaintiff's testimony about the adverse effects of his medication,

21   the ALJ pointed to treatment records reporting that plaintiff's pain is "well controlled." AR

22   229 (citing 507, 761, 9260).  The records clearly state plaintiff felt that his pain was

23   managed, and he experienced no side effects from his medication. The ALJ reasonably

24

25

1   found these treatment notes contradictory to plaintiff's testimony. The ALJ's decision to

2   discount plaintiff's testimony as to the side effects of his medication is supported by

3   substantial evidence, therefore the ALJ did not err in evaluating this part of plaintiff's

4   testimony.

5       With respect to the ALJ's second reason, an ALJ may discount a claimant's

6   testimony based on daily activities that either contradict his testimony or that meet the

7   threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

8   "Only if the level of activity were inconsistent with Claimant's claimed limitations would

9   these activities have any bearing on Claimant's credibility." *Reddick*, 157 F.3d at 722.

10      Here, in discounting plaintiff's testimony about his shoulder, the ALJ pointed to

11  treatment notes about plaintiff performing yard work, driving, being active with his

12  children, and swimming. AR 229 (citing AR 698, 1029). However, these notes also show

13  that plaintiff reported increased shoulder pain and muscle soreness and tightness, and

14  therefore do not necessarily negate plaintiff's testimony. The decision to discount

15  plaintiff's testimony because of his activities is not supported by substantial evidence,

16  therefore the ALJ erred in evaluating plaintiff's testimony for this reason.

17      4.  Harmless Error

18      An error is harmless only if it is not prejudicial to the claimant or "inconsequential"

19  to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*,

20  454 F.3d 1050, 1055 (9th Cir. 2006).

21      The ALJ's errors are not harmless because a proper evaluation of the medical

22  opinion of Dr. Wheeler and plaintiff's testimony could change the ALJ's assessment of

23  plaintiff's RFC and may affect the hypotheticals provided to the Vocational Expert.

24

25

1

D. Remand With Instructions for Further Proceedings

2

"'The decision whether to remand a case for additional evidence, or simply to

3

award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

4

682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

5

an ALJ makes an error and the record is uncertain and ambiguous, the court should

6

remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

7

(9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

8

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

9

at 668.

10

The Ninth Circuit has developed a three-step analysis for determining when to

11

remand for a direct award of benefits. Such remand is generally proper only where

12

13

14

> "(1) the record has been fully developed and further administrative
> proceedings would serve no useful purpose; (2) the ALJ has failed to
> provide legally sufficient reasons for rejecting evidence, whether claimant
> testimony or medical opinion; and (3) if the improperly discredited
> evidence were credited as true, the ALJ would be required to find the
> claimant disabled on remand."

15

16

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.
2014)).

17

18

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

19

satisfied, the district court still has discretion to remand for further proceedings or for

20

award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

21

As discussed above, the ALJ harmfully erred in evaluating Dr. Wheeler's

22

opinion, as well as plaintiff's subjective symptom testimony. On remand, the ALJ is

23

directed to re-evaluate the opinion of Dr. Wheeler and plaintiff's symptom testimony and

24

25

allow plaintiff to provide additional testimony and evidence, as necessary to clarify the record.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 31st day of May, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 16